## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SHERI KATHLEEN CRUSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-181-G** |
| | ) | |
| **ANTHONY L. CRUSE, individually,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Now before the Court is Plaintiff Sheri Kathleen Cruse's Motion to Disqualify (Doc. No. 40). Defendant Anthony L. Cruse has responded (Doc. No. 45), Plaintiff has replied (Doc. No. 52), and the matter is now at issue.

*I.    Background*

Plaintiff brings this action against Defendant ("Dr. Cruse," Plaintiff's ex-husband) and Defendant's son, Anthony Lee Cruse Jr. In her Complaint (Doc. No. 1), Plaintiff alleges that Defendants violated federal and state law by intentionally accessing her iCloud account without authorization and by downloading, photographing, and transferring images and videos that were stored in that account. *See* Compl. at 1-3.

Plaintiff and Dr. Cruse were married on December 4, 2019. *Id.* ¶ 16. On May 18, 2021, Dr. Cruse filed a petition for annulment in the District Court of Oklahoma County. *Id.* ¶ 19. On February 3, 2023, the state court granted the petition and entered a decree of

annulment.   *See In re Cruse,* No. FD-2021-1641 (Okla. Cnty. Dist. Ct.).[1]

In the annulment litigation and trial, Plaintiff was represented by attorney Charles Schem.   Dr. Cruse was represented by attorney Laura McConnell-Corbyn from the law firm of Hartzog Conger Cason ("HCC").   For this lawsuit, filed March 2, 2022, Plaintiff has retained new counsel; Dr. Cruse continues to be represented by Ms. McConnell-Corbyn, as well as two additional HCC attorneys.

II.     *Standard of Decision*

The determination as to whether an attorney should be disqualified is "committed to the discretion of the court."   *Foltz v. Columbia Cas. Co.*, No. CIV-15-1144-D, 2016 WL 4734687, at *2 (W.D. Okla. Sept. 9, 2016) (citing *Weeks v. Indep. Sch. Dist. No. I-89 of Okla. Cnty.*, 230 F.3d 1201, 1211 (10th Cir. 2000)); *accord Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994).   Motions seeking the disqualification of opposing counsel are "viewed with suspicion," however, "and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings." *Foltz*, 2016 WL 4734687, at *2 (internal quotation marks omitted).   "A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interests in judicial proceedings."   *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441 (1985) (Brennan, J., concurring).

Two sources of authority govern motions to disqualify.   *Cole*, 43 F.3d at 1383. First, district courts consider "the local rules of the court in which [the attorneys] appear."

---

[1]  The case docket is publicly available through https://www.oscn.net.

*Id.*   This Court has adopted the Oklahoma Rules of Professional Conduct as its governing standard of attorney conduct.   *See* LCvR 83.6(b); *see also* Okla. Stat. tit. 5, ch. 1, app. 3-A.   Second, motions to disqualify are "decided by applying standards developed under federal law" and are therefore governed "by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights."   *Cole*, 43 F.3d at 1383 (internal quotation marks omitted).[2]

### III.   Discussion

Plaintiff seeks Ms. McConnell-Corbyn's disqualification as Defendant's counsel in this matter on multiple grounds.   *See* Pl.'s Mot. to Disqualify at 11-23.   Defendant argues that Plaintiff has waived any objection to Ms. McConnell-Corbyn's representation and, alternatively, that Plaintiff has failed to show that disqualification is warranted.   *See* Def.'s Resp. at 8-22.

#### A.  Waiver

Defendant contends that Plaintiff has waived her ability to object to Ms. McConnell-Corbyn's representation by failing to diligently seek disqualification in this matter.   *See generally Cope v. Auto-Owners Ins. Co.*, 437 F. Supp. 3d 890, 904 (D. Colo. 2020).   Ms. McConnell-Corbyn entered an appearance in this case on March 31, 2022.   *See* Doc. No. 3.   Plaintiff filed the Motion to Disqualify on November 7, 2022.   Defendant argues that

---

[2] "[A]lthough federal courts must consult state rules of professional conduct, they are not bound by state-court interpretations of such rules."   *Grant v. Flying Bud Farms, LLC*, No. 22-CV-1, 2022 WL 2955147, at *3 (N.D. Okla. July 26, 2022).   "Nonetheless, . . . the Court must apply standards developed under federal law, while attempting to avoid any inconsistencies with state law that would create procedural difficulties for practitioners in Oklahoma."   *Id.* (alterations, citation, and internal quotation marks omitted).

this gap of about seven months constitutes "unreasonable" delay and "an improper litigation tactic."   Def.'s Resp. at 22.[3]

The Court disagrees that this delay constitutes a waiver.   Plaintiff represents that she was required to gather evidence to support a disqualification request and argues, reasonably, that this process took some time because the bases for potential disqualification are more "complex" than in many other cases.   Pl.'s Reply at 7.   Plaintiff further asserts that in September of 2022 she hired an expert to provide an opinion as to whether there were grounds to seek disqualification and that Ms. McConnell-Corbyn was notified of Plaintiff's intent to do so on October 14, 2022.   *See id.* at 8-9.   Plaintiff also objects that her disqualification request is predicated in part upon Defendant's October 18, 2022 notice that Defendant's counsel intended to subpoena Mr. Schem and that, after seeking to preclude service of that subpoena, Plaintiff filed her Motion to Disqualify in accordance with the Court's deadline.   *See id.* at 9.

This record reflects that, while the Motion to Disqualify could have been filed earlier, Plaintiff did not "sit back" and "delay raising the issue" "until a strategically opportune time."   *You Li v. Lewis*, No. 1:20-cv-00012, 2020 WL 3217268, at *2 (D. Utah June 15, 2020).   This case is still in the pretrial stage and the parties have moved for multiple extensions of deadlines; there will be minimal "disorder" resulting from Plaintiff's

---

[3] To the extent Defendant argues that Plaintiff has waived her ability to seek Ms. McConnell-Corbyn's disqualification in this matter by failing to do so in the state-court annulment action, the Court rejects this proposition.   Defendant offers no authority to find that a failure to seek disqualification in a separate state-court proceeding waives an objection to an attorney representing a party in a contemporaneous or subsequent federal proceeding.

presentation of her request at this juncture.   *Redd v. Shell Oil Co.*, 518 F.2d 311, 315 (10th Cir. 1975) (finding that the movant's "late filing"—on "the Friday before the Monday on which the trial was to commence"—justified denial of the disqualification request where it "seem[ed] . . . likely that the motion was held in reserve until the most expedient time came along to file it").   The Court finds that the Motion to Disqualify is not subject to denial on the grounds of untimeliness or waiver.

### B.  The Witness-Advocate Rule

Among other alleged grounds for Ms. McConnell-Corbyn's disqualification, Plaintiff cites the requirements of Rule 3.7(a) of the Oklahoma Rules of Professional Conduct ("ORPC").   *See* Pl.'s Mot. to Disqualify at 18-23.   This Rule "prohibits a lawyer from serving a dual role in the trial of a case as both an advocate and a witness except in specific circumstances."   *Bell v. City of Okla. City*, No. CIV-16-1084-D, 2017 WL 3219489, at *2 (W.D. Okla. July 28, 2017).   Rule 3.7 prescribes:

> **Rule 3.7. Lawyer As Witness**
>
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

ORPC 3.7, Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 3.7.

### 1.   Whether Ms. McConnell-Corbyn Is a "Necessary Witness"

For purposes of Rule 3.7(a), courts narrowly define "necessary witness" to mean "a witness with knowledge of facts 'to which he will be the only one available to testify.'" *Bell*, 2017 WL 3219489, at *2 (quoting *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006)).

> It is not enough, for example, that a party's attorney had direct communications with the opposing party that are relevant to a claim or defense.  "Testimony may be relevant and even highly useful, but still not strictly necessary."  [*Macheca Transp. Co.*, 463 F.3d at 833]; *see also Mercury Vapor Processing Techs., Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 789 (N.D. Ill. 2008) (disqualification depends, in part, on "whether other witnesses would be able to testify to the same matters").

*Bell*, 2017 WL 3219489, at *2.

Plaintiff's Complaint alleges that on or before November 3, 2021, after Defendants unlawfully obtained photos from, or took photos of items stored within, Plaintiff's iCloud account, Dr. Cruse sent at least 16 of those photos to Ms. McConnell-Corbyn.  *See* Compl. ¶ 31.  Ms. McConnell-Corbyn then Bates-stamped the photos and e-mailed them to Mr. Schem, who forwarded them to Plaintiff.  *Id.* ¶¶ 32-33, 47.  "Upon . . . receiving the photos from her annulment attorney on November 3, 2021," Plaintiff "was instantly afraid her iCloud account had been hacked into by" Dr. Cruse.  *Id.* ¶ 34.  Plaintiff retained a digital forensic expert the following day.  *Id.* ¶ 35.  Plaintiff further alleges that certain of the photos contained privileged communications, that Ms. McConnell-Corbyn failed to prevent the unlawful distribution of those communications, and that Ms. McConnell-Corbyn misstated to Mr. Schem who provided the photos to her.  *See id.* ¶¶ 47-53.

Ms. McConnell-Corbyn's involvement with the allegedly hacked photos has been identified as an issue for further development by both parties.   Defendant seeks to procure Mr. Schem's deposition and documents on various topics, including Mr. Schem's communications with Ms. McConnell-Corbyn "regarding any photographs or other evidence provided to [Mr. Schem] from Anthony Cruse's iPad Mini."   Def.'s Notice of Subpoena (Doc. No. 35); *id.* Ex. 1 (Doc. No. 35-1).   And Plaintiff has disclosed both Mr. Schem and Ms. McConnell-Corbyn as individuals likely to have discoverable information pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i).   *See* Pl.'s Initial Disclosures (Doc. No. 45-1) at 3; Pl.'s Suppl. Initial Disclosures (Doc. No. 40-11) at 5.

Although Defendant argues that the facts to which Ms. McConnell-Corbyn could testify may be obtained from one or more other witnesses, it is not clear at the current stage of litigation that any other person could provide nonhearsay or nonprivileged testimony regarding Ms. McConnell-Corbyn's receipt of the disputed photos.   Briefly stated, Plaintiff's Complaint alleges that Ms. McConnell-Corbyn's receipt and transmission of the allegedly hacked photos is the reason that Plaintiff discovered she has an actionable lawsuit against Defendants.   *See* Compl. ¶ 32-35.   Plaintiff also alleges that Ms. McConnell-Corbyn "furthered [Defendant's] unlawful acts and illegal objective" by way of her own handling of those photos.   *Id.* ¶ 52.   Defendant does not dispute that Ms. McConnell-Corbyn received and then transmitted certain disputed photographs.   *See* Def.'s Resp. at 10-11.   Indeed, both parties have identified the photo-related communications between Mr. Schem and Ms. McConnell-Corbyn as a proper basis for further discovery, as discussed above.

Policy concerns underpinning Rule 3.7(a) are of relevance here:

> The advocate-witness rule "protects the integrity of the judicial process by: (1) eliminating the possibility that the lawyer will not be an objective witness, (2) reducing the risk that the finder of fact may confuse the roles of witness and advocate, and (3) promoting public confidence in a fair judicial system."

*Bell*, 2017 WL 3219489, at *2 (quoting *Jensen v. Poindexter*, 352 P.2d 1201, 1206 (Okla. 2015)).   This matter is set on the Court's jury-trial docket, and the jury "may be confused or misled by a lawyer serving as both advocate an[d] witness."   ORPC 3.7 cmt. 2.   "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others."   *Id.*   "It may not be clear whether a statement by [Ms. McConnell-Corbyn] should be taken as proof or as an analysis of the proof."   *Id.*[4]   Specifically in respect to any deposition of Mr. Schem, an "unfair and difficult situation" may arise if Ms. McConnell-Corbyn "asks a question of the deponent and challenges the response based on [her] recollection of events."   *LaFond*, 2019 WL 3734459, at *6 (internal quotation marks omitted).   "Any time [Ms. McConnell-Corbyn] challenges the deponent's response, [she] becomes a witness and not an advocate," "which, in turn, prejudices [Plaintiff's] counsel who cannot challenge or cross-examine [Ms.

---

[4] Although Defendant suggests that Ms. McConnell-Corbyn could continue in a litigation role but not appear as counsel at trial, *see* Def.'s Resp. at 19 n.9, neither that step nor any other suggested by Defendant would in the Court's view fully alleviate the potential for jury confusion and other negative consequences contemplated by Rule 3.7.   *Cf. LaFond Fam. Tr. v. Allstate Prop. & Cas. Ins. Co.*, No. 19-cv-00767, 2019 WL 3734459, at *6 (D. Colo. Aug. 8, 2019) (precluding attorney from taking or defending depositions where the court was "not persuaded that redacting references to [the attorney] in deposition testimony admitted at trial would . . . reduce the risk of the jury learning of [the attorney's] dual role during trial").

McConnell-Corbyn's] recollection of events during the deposition." *Id.* (internal quotation marks omitted).

For all these reasons, the Court concludes that Ms. McConnell-Corbyn is "likely" to be called upon to provide testimony at trial that is "relevant, material[,] and unobtainable elsewhere." ORPC 3.7(a); *In re Waldrop*, No. 15-14689, 2016 WL 6090849, at *6 (Bankr. W.D. Okla. Oct. 18, 2016) (internal quotation marks omitted).

### 2. *Whether Disqualification Would Work Substantial Hardship on Defendant*

Because Plaintiff has established that Ms. McConnell-Corbyn "has information to which only [she] can testify" and thus is a necessary witness, Defendant "bear[s] the burden to avoid disqualification due to substantial hardship by demonstrating that [his] interests in retaining [Ms. McConnell-Corbyn] outweigh those of the tribunal and the opposing party in disqualifying [Ms. McConnell-Corbyn]." *Bell*, 2017 WL 3219489, at *3 (internal quotation marks omitted); *see* ORPC 3.7(a)(3). Even if there is a risk of prejudice or confusion resulting from Ms. McConnell-Corbyn's representation of Defendant, "in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client." ORPC 3.7 cmt. 4.

As discussed above, this case is in the preliminary stages, and the Court will consider any requests for modifications to the parties' schedule necessitated by the disqualification. Defendant continues to be represented by two other attorneys, Elizabeth

Price and Taylor Weder.   The record thus does not show that Defendant would be subject to "substantial hardship" should Ms. McConnell-Corbyn withdraw from this matter.[5]

### 3.  Conclusion

Having considered the parties' arguments, the case record, and relevant circumstances, the Court concludes that Ms. McConnell-Corbyn's continued representation of Defendant in this case would result in the violation of Rule 3.7 of the Oklahoma Rules of Professional Conduct.   In so concluding, the Court does not find that Ms. McConnell-Corbyn has engaged in any misconduct or that there has been any harm imposed upon Plaintiff that is not fully remedied by Ms. McConnell-Corbyn's withdrawal from this case.   Further, the Court expressly declines to reach Plaintiff's assertions regarding Ms. McConnell-Corbyn's alleged possession of confidential information or violation of any other Oklahoma Rule of Professional Conduct.

### C.  The HCC Attorneys and Firm

Plaintiff in her Motion to Disqualify additionally requests that attorneys Price and Weder, as well as all other attorneys at HCC, be disqualified from representing Defendant. *See* Pl.'s Mot. to Disqualify at 1-2, 12, 23.   This request is based not on Rule 3.7[6] but on

---

[5] While not determinative of the Court's findings, "[i]t is relevant that" Defendant as well as Plaintiff could have "reasonably foresee[n] that [Ms. McConnell-Corbyn] would probably be a witness" in this matter, based upon the allegations of the Complaint.   ORPC 3.7 cmt. 4.

[6] Disqualification under Rule 3.7(b) is specific to the affected attorney and does not extend to other attorneys in a firm.   The Rule expressly provides that "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9 [of the Oklahoma Rules of Professional Conduct]."   ORPC 3.7(b).

Plaintiff's other arguments for why Ms. McConnell-Corbyn should not be permitted to continue to represent Defendant—arguments that the Court has found to be unnecessary to reach given its finding that disqualification of Ms. McConnell-Corbyn is impelled by Rule 3.7. Plaintiff has not attempted to show that any HCC attorney would be precluded from representing Defendant by Rules 1.7 or 1.9, which address conflicts of interest. Accordingly, Plaintiff's request to disqualify Ms. Price, Ms. Weder, and other HCC attorneys shall be denied at this time. This denial is without prejudice to Plaintiff reurging the request in the future, if warranted.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Disqualify (Doc. No. 40) is GRANTED IN PART as follows: Ms. McConnell-Corbyn must withdraw from this case within seven days of the date of this Order, as her continued representation of Defendant Anthony L. Cruse would contravene Rule 3.7(a) of the Oklahoma Rules of Professional Conduct, made applicable by Local Civil Rule 83.6(b).

Plaintiff's Motion to Disqualify (Doc. No. 40) is otherwise DENIED.

Plaintiff's Motion to Supplement (Doc. No. 72) is DENIED AS MOOT.

IT IS SO ORDERED this 7th day of March, 2023.

CHARLES B. GOODWIN
United States District Judge